UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JOSHUA BARNES**<br>    **Plaintiff** | **CIVIL ACTION** |
| **VERSUS** | **NO. 14-2636** |
| **KEITH MCQUEEN, et al.**<br>    **Defendants** | **SECTION: "E"** |

## ORDER

Before the Court are (1) a Motion to Dismiss for Insufficient Process, Insufficient Service of Process, and Failure to State a Claim filed by Defendants Slidell Police Department, Nicholas Knight, Rockwell McClellan and Keith Bowman,[1] (2) a Motion to Dismiss for Failure to State a Claim and Lack of Subject Matter Jurisdiction filed by Defendant Keith McQueen,[2] and (3) a Motion to Dismiss for Failure to State a Claim filed by Defendant City of Slidell.[3]

Plaintiff Joshua Barnes filed suit against Defendants Keith McQueen, Nicholas Knight, Rockwell McClellan, Keith Bowman, the City of Slidell, Department of the Police, and ABC Insurance Company asserting violations of 42 U.S.C. § 1983 and asserting various state-law claims.[4] In response, the Defendants filed the instant motions to dismiss. All Defendants seek dismissal for failure to state a claim for relief.[5] In addition, Defendant City of Slidell seeks dismissal for insufficient process and insufficient service of process,[6] Defendants Nicholas Knight, Rockwell McClellan, Keith Bowman, and the Slidell Police Department seek dismissal for insufficient service of

---

[1] R. Doc. 10.
[2] R. Doc. 13.
[3] R. Doc. 29.
[4] R. Doc. 1.
[5] R. Doc. 10; R. Doc. 13; R. Doc. 29.
[6] R. Doc. 10.

process,[7] and Defendant McQueen requests the Court to decline to exercise supplemental jurisdiction over Plaintiff's state-law claims and dismiss them for lack of subject matter jurisdiction should the Court dismiss Plaintiff's § 1983 claim.[8]

Plaintiff filed oppositions to all three motions.[9] In his oppositions, Plaintiff attempts to expand the allegations of the Complaint[10] and also requests leave to amend his Complaint if the Court converts the Defendants' motions to dismiss to motions for a more definite statement.[11] In their replies, the Defendants also ask the Court to order Plaintiff to amend his Complaint to clarify the allegations as to each named Defendant if the Court finds dismissal is not appropriate at this time.[12]

The Court construes the Defendants' motions to dismiss as motions for a more definite statement[13] and construes the new allegations in Plaintiff's opposition as a motion to file an amended complaint.[14] Rule 15(a) "requires the trial court to grant leave to amend freely, and the language of this rule evinces a bias in favor of granting leave to amend."[15] A district court must possess a "substantial reason" to deny a motion under

---

[7] *Id.*
[8] R. Doc. 13.
[9] R. Doc. 17; R. Doc. 23 (sur-reply); R. Doc. 25; R. Doc. 31.
[10] *See* R. Doc. 20, p. 1.
[11] *See* R. Doc. 17, p. 10; R. Doc. 31, pp. 12–14.
[12] *See* R. Doc. 20, pp. 2, 4; R. Doc. 28, p. 7.
[13] *See Gupta v. Lynch*, No. 12–1787, 2013 WL 3187273, at *5 (E.D. La. June 20, 2013) ("If [the defendant] is unsure as to the legal theories asserted against him, a motion for a more definite statement under Rule 12(e) is the proper procedural vehicle for seeking clarification."); Wright & Miller, *Federal Practice and Procedure*, § 1356 (3d ed. 2013) ("If the complaint is ambiguous or does not contain sufficient information to allow a responsive pleading to be framed, a motion under Rule 12(b)(6) is not appropriate; the proper remedy is a motion for a more definite statement under Rule 12(e)"); *accord Clark v. Amoco Prod. Co.*, 794 F.2d 967, 970 (5th Cir. 1986) ("Rule 12(b)(6) should not be used as a substitute for a request for a more definite pleading within the meaning of Fed. R. Civ. P. 8") (citations omitted).
[14] *See Morin v. Moore*, 309 F.3d 316, 323 (5th Cir. 2002) ("This Court has held, that in the interest of justice a revised theory of the case set forth in the plaintiff's opposition should be construed as a motion to amend the pleadings filed out of time and granted by the district court pursuant to the permissive command of Rule 15.") (citing *Sherman v. Hallbauer*, 455 F.2d 1236, 1241 (5th Cir. 1972)); *Stover v. Hattiesburg Pub. Sch. Dist.*, 549 F.3d 985, 989 n.2 (5th Cir. 2008) (citing with approval cases in which the district court construed new allegations in opposition memorandum as motion to amend under Rule 15(a)).
[15] *Lyn-Lea Travel Corp. v. Am. Airlines, Inc.*, 283 F.3d 282, 286 (5th Cir. 2002) (internal quotation marks omitted).

Rule 15(a).[16] No such reason exists in this case.  There is no scheduling order, and the record does not reflect that any discovery has taken place.

Accordingly;

**IT IS ORDERED** that the Motions to Dismiss[17] filed by Defendants Slidell Police Department, Nicholas Knight, Rockwell McClellan and Keith Bowman, Keith McQueen, City of Slidell are **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that Plaintiff is to file an Amended Complaint by **June 19, 2015**.  The Amended Complaint must clarify the claims and allegations being asserted against each Defendant, and Plaintiff may include any factual allegations substantiating his claims. Plaintiff shall properly serve process on all Defendants.

**New Orleans, Louisiana, this 21st day of May, 2015.**

_____
**SUSIE MORGAN
UNITED STATES DISTRICT JUDGE**

---

[16] *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004). In deciding whether to grant leave under Rule 15(a), courts may consider factors such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of the amendment." *Jones v. Robinson Prop. Grp.*, LP, 427 F.3d 987, 994 (5th Cir. 2005).

[17] R. Doc. 10; R. Doc. 13; R. Doc. 29.