UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JOSHUA BARNES,**<br>     **Plaintiff** | **CIVIL ACTION** |
| **VERSUS** | **NO. 14-2636** |
| **KEITH MCQUEEN, ET AL.,**<br>     **Defendants** | **SECTION: "E" (1)** |

## ORDER AND REASONS

Before the Court is a motion to dismiss filed by Defendant Southern Fidelity Insurance Company.[1]

## BACKGROUND

Plaintiff Joshua Barnes ("Barnes") filed this action under 42 U.S.C. § 1983 and Louisiana state law on November 19, 2014, against Defendants Keith McQueen ("McQueen"), Nicholas Knight ("Knight"), Rockwell McClellan ("McClellan"), Keith Bowman ("Bowman"), and the City of Slidell ("City").[2] On January 25, 2016, Barnes filed a Second Supplemental and Amended Complaint naming Southern Fidelity Insurance Company ("SFIC"), McQueen's homeowner's insurer, as a defendant.[3]

On March 7, 2016, the Court ruled on motions to dismiss filed by McQueen, Knight, McClellan, Bowman, and the City.[4] The Court set forth the factual background of this matter in its orders on Defendants' motions to dismiss and adopts the factual background set forth in those orders.[5]

---

[1] R. Doc. 114.
[2] R. Doc. 1. The Slidell Police Department was dismissed as a party on November 6, 2015. *See* R. Doc. 77.
[3] R. Doc. 90 at 3.
[4] R. Docs. 110, 111 (Orders); R. Docs. 97, 99 (Motions to dismiss).
[5] *See* R. Docs. 110, 111.

1

On March 14, 2016, SFIC filed a motion to dismiss for failure to state a claim upon which relief can be granted, arguing the policy issued to McQueen excludes coverage for the damages claimed by Barnes.[6] McQueen and Barnes filed oppositions to SFIC's motion on March 29, 2016.[7] Barnes contends that SFIC's policy provides coverage for his claims against McQueen. McQueen argues Barnes' claims are covered by the policy and that, as a result, he is entitled to a defense. SFIC filed a reply in support of its motion on April 6, 2016.[8]

## STANDARD OF LAW

When deciding a motion to dismiss, the Court accepts all well-pleaded facts as true and views those facts in the light most favorable to the plaintiff.[9] The Court may consider only the pleadings, the documents attached to or incorporated by reference in the plaintiff's complaint, the facts of which judicial notice may be taken, matters of public record,[10] and documents attached to a motion to dismiss "when the documents are referred to in the pleadings and are central to a plaintiff's claims."[11] If the Court accepts materials outside of the pleadings that do not fit within these parameters, the Court must treat the Rule 12(b)(6) motion as a motion for summary judgment pursuant to Rule 56.[12]

For the complaint to survive a motion to dismiss, the facts taken as true must state a claim that is plausible on its face.[13] A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant

---

[6] R. Doc. 114.
[7] R. Doc. 126 (McQueen's opposition); R. Doc. 128 (Barnes' opposition).
[8] R. Doc. 131.
[9] *Whitley v. Hanna*, 726 F.3d 631, 637 (5th Cir. 2013), *cert. denied*, 134 S. Ct. 1935, 188 (2014).
[10] *See U.S. ex rel. Willard v. Humana Health Plan of Texas Inc.*, 336 F.3d 375, 379 (5th Cir. 2003); *Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1017–18 (5th Cir. 1996); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).
[11] *Brand Coupon Network, L.L.C. v. Catalina Marketing Corp.*, 748 F.3d 631, 635 (5th Cir. 2014).
[12] FED. R. CIV. P. 12(d).
[13] *Brand*, 748 F.3d at 637–38.

is liable for the misconduct alleged."[14] "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully."[15] A complaint is insufficient if it contains "only labels and conclusions, or a formulaic recitation of the elements of a cause of action."[16] The Court cannot grant a motion to dismiss under Rule 12(b)(6) "unless the plaintiff would not be entitled to relief under any set of facts that he could prove consistent with the complaint."[17]

## ANALYSIS

Barnes asserts § 1983 claims against McQueen for false arrest and excessive force and state-law claims against McQueen for false arrest, excessive force, and assault and battery.[18] SFIC issued homeowner's insurance to McQueen, and Barnes alleges that SFIC's policy provides coverage for Barnes' claims against McQueen.[19]

A. Coverage

SFIC moves to dismiss Barnes' complaint because, SFIC argues, the homeowner's insurance policy issued to McQueen precludes coverage for the claims on which Barnes seeks damages.

SFIC issued a policy of homeowner's insurance to McQueen and his wife with effective dates of April 18, 2013, to April 18, 2014.[20] The policy provides a $300,000 limit

---

[14] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).
[15] *Culbertson v. Lykos*, 790 F.3d 608, 616 (5th Cir. 2015) (citation omitted) (internal quotation marks omitted).
[16] *Whitley*, 726 F.3d at 638 (citation omitted) (internal quotation marks omitted).
[17] *Johnson v. Johnson*, 385 F.3d 503, 529 (5th Cir. 2004).
[18] Barnes also asserted a § 1983 claim for conspiracy and state-law claims for intentional infliction of emotional distress, invasion of privacy, malicious prosecution, intentional misrepresentation, and defamation, but the Court dismissed those claims with prejudice in its Order and Reasons on McQueen's motion to dismiss. *See* R. Doc. 111.
[19] *See* R. Doc. 90.
[20] R. Doc. 114-5 at 1. The Court may consider the insurance policy when deciding this motion to dismiss. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) ("Generally, in deciding a motion to dismiss for failure to state a claim, if matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment. In this case, that would normally include the insurance contracts, since those documents were not attached to the complaints. But because the

of liability for personal liability and a $1,000 limit for medical payments.[21] The policy provides the following exclusion for personal liability and medical payments to others:

1. **Expected Or Intended Injury**

    "Bodily injury" or "property damage" which is expected or intended by the "insured" even if the resulting "bodily injury" or "property damage":

    a. Is of a different kind, quality or degree than initially expected or intended; or

    b. Is sustained by a different person, entity, real or personal property, than initially expected or intended.

    However, this Exclusion . . . does not apply to "bodily injury" resulting from the use of reasonable force by the "insured" to protect persons or property[.][22]

SFIC argues this exclusion clearly and unambiguously precludes coverage of Barnes' claims against McQueen.[23]

The Court finds, and no party disputes,[24] that the exclusion is clear and unambiguous.[25] Rather, the issue before the Court is whether the exclusion as written unambiguously precludes coverage of Barnes' claims against McQueen.

Under Louisiana law, excessive force claims generally "fall under the duty/risk analysis for negligence claims."[26] To prevail under that analysis, the plaintiff must prove "(1) the conduct in question was the cause-in-fact of the resulting harm; (2) [the] defendant owed a duty of care to plaintiff; (3) the requisite duty was breached by the

---

defendants attached the contracts to their motions to dismiss, the contracts were referred to in the complaints, and the contracts are central to the plaintiffs' claims, we may consider the terms of the contracts in assessing the motions to dismiss." (citation omitted) (internal quotation marks omitted)).
[21] R. Doc. 114-5 at 1.
[22] *Id.* at 36.
[23] R. Doc. 114-1.
[24] *See* R. Docs. 126, 128.
[25] *See, e.g., King v. Galloway*, 2001-1358 (La. App. 4 Cir. 9/11/02), 828 So. 2d 49, *writ denied*, 2002-2598 (La. 11/27/02), 831 So. 2d 281, *and writ denied*, 2002-2510 (La. 11/27/02), 831 So. 2d 283.
[26] *Harvey v. City of Eunice Police Dep't*, 2010-1228 (La. App. 3 Cir. 4/6/11), 62 So. 3d 290, 292–93 (citing *Stroik v. Ponseti*, 699 So. 2d 1072 (La. 1997)).

4

defendant; [and] (4) the risk of harm was within the scope of protection afforded by the duty breached."[27] As the Louisiana Supreme Court has explained:

> The use of force by law enforcement officers must be tested by the 'reasonable force' standard . . . . Whether the force used is reasonable depends upon the totality of the facts and circumstances in each case. A court must evaluate the officers' actions against those of ordinary, prudent, and reasonable men placed in the same position as the officers and with the same knowledge as the officers.[28]

Clearly, then, a plaintiff need not establish a defendant's actions were intentional to prevail on a claim for excessive force under Louisiana law. Indeed, the question is "whether the officers' actions are objectively reasonable in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation."[29]

The same is true under federal law. In *Graham v. Connor*, the Supreme Court of the United States explained that "the 'reasonableness' inquiry in an excessive force case is an objective one: the question is whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation."[30] "An officer's evil intentions will not make a Fourth Amendment violation out of an objectively reasonable use of force; nor will an officer's good intentions make an objectively unreasonable use of force constitutional."[31]

Federal and state claims of excessive force are analyzed under a negligence standard. In the second amended complaint, Barnes seeks damages against McQueen for excessive force based on the unreasonableness of his actions, a claim clearly based on

---

[27] *Id.* (quoting *Stroik*, 699 So. 2d at 1077).
[28] *Kyle v. City of New Orleans*, 353 So. 2d 969, 973 (La. 1977).
[29] *Penn v. St. Tammany Par. Sheriff's Office*, 2002-0893 (La. App. 1 Cir. 4/2/03), 843 So. 2d 1157, 1162 (Guidy, J., concurring).
[30] *Graham v. Connor*, 490 U.S. 386, 397 (U.S. 1989). *See also Reese v. Anderson*, 926 F.2d 494, 500 (5th Cir. 1991).
[31] *Graham*, 490 U.S. at 397.

5

negligence under Louisiana Civil Code art. 2315.[32] An intentional-act exclusion does not preclude coverage of negligence claims.

In support of SFIC's motion to dismiss, SFIC relies on *King v. Galloway* and *Fontenot v. Duplechine*.[33] Both cases, however, are distinguishable from this case. In both *King* and *Fontenot*, the tortfeasor-defendant admitted that he intentionally caused the injuries for which the plaintiff in each case sought damages.[34] Moreover, the Louisiana appellate court in *King* decided whether the intentional-act exclusion contained in a homeowner's insurance policy unambiguously precluded coverage in the context of a motion for summary judgment.[35] The Louisiana appellate court in *Fontenot* determined whether the intentional-act exclusion applied after the completion of a bench trial.[36] The coverage issue is before this Court, however, on a motion to dismiss, and the Court's analysis is limited to the allegations of the complaint. Barnes asserts an excessive force claim against McQueen based on negligence. Because the Court must accept Barnes' allegations as true, SFIC has failed to establish that the policy unambiguously precludes coverage for Barnes' excessive force claim against McQueen.[37]

B. <u>Duty to Provide a Defense</u>

McQueen argues that because Barnes has asserted claims against him that are not unambiguously excluded under the SFIC policy, SFIC has a duty to defend McQueen in

---

[32] *See* R. Doc. 90 at ¶ 35.
[33] *King*, 828 So. 2d 49; *Fontenot v. Duplechine*, 2004-424 (La. App. 3 Cir. 12/8/04), 891 So. 2d 41.
[34] *See King*, 828 So. 2d at 53; *Fontenot*, 891 So. 2d at 46.
[35] *King*, 828 So. 2d at 50.
[36] *Fontenot*, 891 So. 2d at 44.
[37] *See Martco Ltd. P'ship v. Wellons, Inc.*, 588 F.3d 864, 872 (5th Cir. 2009).

this suit.[38] It is clear that if there is "even a possibility of liability under the policy," the insurer has a duty to defend the insured.[39]

Under Louisiana law, an insurance policy is a contract and should be construed using the general rules of interpretation of contracts set forth in the Louisiana Civil Code.[40] Louisiana courts apply the "eight-corners rule" to determine whether a liability insurer has the duty to defend a civil action against its insured; courts look to the "four corners" of the plaintiff's petition in the civil action and the "four corners" of the insurance policy to determine whether the insurer owes its insured a duty to defend.[41] One Louisiana court explained as follows:

> Under [the "eight-corners"] analysis, the factual allegations of the plaintiff's petition must be liberally interpreted to determine whether they set forth grounds which raise even the possibility of liability under the policy. In other words, the test is not whether the allegations unambiguously assert coverage, but rather whether they do not unambiguously exclude coverage. Similarly, even though a plaintiff's petition may allege numerous claims for which coverage is excluded under an insurer's policy, a duty to defend may nonetheless exist if there is at least a single allegation in the petition under which coverage is not unambiguously excluded.[42]

Factual inquiries beyond the petition for damages and the relevant insurance policy are prohibited with respect to the duty to defend.[43] The insurer has a duty to defend unless the allegations in the petition for damages, as applied to the policy, unambiguously preclude coverage.[44] The Court has held that the SFIC policy issued to McQueen does not unambiguously preclude coverage of Barnes' excessive force claim against McQueen.

---

[38] R. Doc. 126.
[39] *Steptore v. Masco Const. Co.*, 93-2064 (La. 8/18/94), 643 So. 2d 1213, 1218 (explaining that the duty to defend "arises whenever the pleadings against the insured disclose even a possibility of liability under the policy"). *See also United Nat'l Ins. Co. v. Paul and Mar's Inc.*, No. 10-799, 2010 WL 2690615, at *2 (E.D. La. July 11, 2011).
[40] *Sher v. Lafayette Ins. Co.*, 2007-2441 (La. 4/8/08), 988 So. 2d 186, 192, *on reh'g in part* (July 7, 2008).
[41] *Mossy Motors, Inc. v. Cameras Am.*, 2004-0726 (La. App. 4 Cir. 3/2/05), 898 So. 2d 602, 606, *writ denied*, 2005-1181 (La. 12/9/05), 916 So. 2d 1057.
[42] *Id.* (citations omitted).
[43] *Martco*, 588 F.3d at 872.
[44] *Id.*

7

"Once a complaint states one claim within the policy's coverage, the insurer has a duty to accept defense of the entire lawsuit, even though other claims in the complaint fall outside the policy's coverage."[45] The duty to defend "arises whenever the pleadings against the insured disclose even a possibility of liability under the policy."[46] Because the Court finds there is at least one claim for which coverage is not unambiguously excluded under the SFIC policy, SFIC has a duty to defend McQueen.[47]

The insurer is obligated to provide a defense even if "the allegations of the petition may ultimately turn out to be incorrect or untrue."[48] A liability insurer's duty to defend and the scope of its coverage are separate and distinct issues.[49] An insurer's duty to defend is broader than its obligation to indemnify for damage claims.[50] "[W]hereas the duty to defend is based upon the allegations in the pleadings, the duty to indemnify is triggered by the actual facts that establish liability in the underlying lawsuit."[51] "When uncontroverted facts preclude the possibility of a duty to indemnify, the duty to defend ceases and the duty to indemnify is negated."[52]

## CONCLUSION

Because SFIC has not established that the intentional-act exclusion in McQueen's homeowner's insurance policy unambiguously precludes coverage;

---

[45] *Treadway v. Vaughn*, 633 So. 2d 626, 628 (La. Ct. App. 1993), *writ denied*, 635 So. 2d 233 (La. 1994).
[46] *Steptore*, 643 So. 2d at 1218. *See also United Nat'l Ins. Co.*, 2010 WL 2690615, at *2.
[47] *See Mossy*, 898 So. 2d at 606 ("[E]ven though a plaintiff's petition may allege numerous claims for which coverage is excluded under an insurer's policy, a duty to defend may nonetheless exist if there is at least a single allegation in the petition under which coverage is not unambiguously excluded.").
[48] *Vaughn v. Franklin*, 2000-0291 (La. App. 1 Cir. 3/28/01), 785 So. 2d 79, 84.
[49] *Mossy*, 898 So. 2d at 606.
[50] *Henly v. Phillips Abita Lumber Co.*, 2006-1856 (La. App. 1 Cir. 10/3/07), 971 So. 2d 1104, 1109.
[51] *See Columbia Cas. Co. v. Georgia & Florida RailNet, Inc.*, 542 F.3d 106, 110–11 (5th Cir. 2008) (internal quotation marks omitted).
[52] *Maldonado v. Kiewit Louisiana Co.*, 2013-0756 (La. App. 1 Cir. 3/24/14), 146 So. 3d 210, 219, *reh'g denied* (Apr. 17, 2014).

8

**IT IS ORDERED** that SFIC's motion to dismiss is **DENIED**.[53]

**New Orleans, Louisiana, this 13th day of July, 2016.**

_____
**SUSIE MORGAN
UNITED STATES DISTRICT JUDGE**

---

[53] Accordingly, SFIC has a duty to defend McQueen in this action. Whether SFIC has a duty to indemnify McQueen is an issue that is not yet ripe for the Court's consideration. *See Columbia*, 542 F.3d at 110–11 ("[W]hereas the duty to defend is based upon the allegations in the pleadings, the duty to indemnify is triggered by the actual facts that establish liability in the underlying lawsuit." (internal quotation marks omitted)).