UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JOSHUA BARNES,**<br>    **Plaintiff** | **CIVIL ACTION** |
| **VERSUS** | **NO. 14-2636** |
| **KEITH MCQUEEN, ET AL.,**<br>    **Defendants** | **SECTION: "E" (1)** |

## ORDER AND REASONS

Before the Court is a motion to amend and certify order for interlocutory review filed by Southern Fidelity Insurance Company ("SFIC").[1]

## BACKGROUND

Plaintiff Joshua Barnes ("Barnes") filed this action under 42 U.S.C. § 1983 and Louisiana state law on November 19, 2014, against Defendants Keith McQueen ("McQueen"), Nicholas Knight ("Knight"), Rockwell McClellan ("McClellan"), Keith Bowman ("Bowman"), and the City of Slidell ("City").[2] On January 25, 2016, Barnes filed a Second Supplemental and Amended Complaint naming Southern Fidelity Insurance Company ("SFIC"), McQueen's homeowner's insurer, as a defendant.[3]

On March 7, 2016, the Court ruled on motions to dismiss filed by McQueen, Knight, McClellan, Bowman, and the City.[4] The Court set forth the factual background of this matter in its orders on Defendants' motions to dismiss and adopts the factual background set forth in those orders.[5]

---

[1] R. Doc. 143.
[2] R. Doc. 1. The Slidell Police Department was dismissed as a party on November 6, 2015. *See* R. Doc. 77.
[3] R. Doc. 90 at 3.
[4] R. Docs. 110, 111 (Orders); R. Docs. 97, 99 (Motions to dismiss).
[5] *See* R. Docs. 110, 111.

1

On March 14, 2016, SFIC filed a motion to dismiss for failure to state a claim upon which relief can be granted, arguing the policy issued to McQueen excludes coverage for the damages claimed by Barnes.[6] The Court denied SFIC's motion to dismiss on July 13, 2016, and determined that the SFIC policy issued to McQueen did not unambiguously preclude coverage of Barnes' claims against McQueen.[7] The Court thus concluded that SFIC has a duty to provide McQueen with a defense.[8]

On July 19, 2016, SFIC filed a motion to amend and certify for interlocutory appeal the Court's order denying SFIC's motion to dismiss.[9]

## LAW AND ANALYSIS

There are three criteria set forth in 28 U.S.C. § 1292(b) that must be met before the Court can properly certify an interlocutory order for appeal: (1) the order must involve a controlling question of law; (2) there must be a substantial ground for difference of opinion regarding the controlling question of law; and (3) an immediate appeal from the order may materially advance the ultimate termination of the litigation.[10] The moving party bears the burden of establishing that interlocutory appeal is appropriate.[11] It is within the Court's discretion to certify an order for interlocutory appeal under Section

---

[6] R. Doc. 114.
[7] R. Doc. 137.
[8] *Id.*
[9] R. Doc. 143.
[10] 28 U.S.C. § 1292(b); *Aparicio v. Swan Lake*, 643 F.2d 1109, 1110 n.2 (5th Cir. 1981).
[11] *U.S. ex rel. Branch Consultants, L.L.C. v. Allstate Ins. Co.*, 668 F. Supp. 2d 780, 813 (E.D. La. 2009).

1292(b).[12] Interlocutory appeals are "exceptional" and should not be granted "'simply to determine the correctness' of a ruling."[13]

SFIC argues that it "poses a pure, abstract legal question: whether only factual allegations contained in a complaint are considered in ruling on a Fed. R. Civ. P. 12(b)(6) [m]otion."[14]

As the Court explained in its order on SFIC's motion to dismiss, when deciding a motion to dismiss, the Court accepts all well-pleaded facts as true and views those facts in the light most favorable to the plaintiff.[15] The Court may consider only the pleadings, the documents attached to or incorporated by reference in the plaintiff's complaint, the facts of which judicial notice may be taken, matters of public record,[16] and documents attached to a motion to dismiss "when the documents are referred to in the pleadings and are central to a plaintiff's claims."[17]

The law with respect to what courts may consider when deciding a motion to dismiss pursuant to Rule 12(b)(6) is settled.[18] There is no substantial ground for difference of opinion on this issue. "Difference of opinion refers to an unsettled state of

---

[12] *Waste Mgmt. of Louisiana, L.L.C. v. Parish*, No. 13-6764, 2014 WL 5393362, at *3 (E.D. La. Oct. 22, 2014) ("This Court has the discretion to certify its Order and Reasons for interlocutory appeal under 28 U.S.C. § 1292(b)."); *In re Chinese Manufactured Drywall Products Liab. Litig.*, No. 09-4115, 2012 WL 4928869, at *7 (E.D. La. Oct. 16, 2012) (same); *Copelco Capital, Inc. v. Gautreaux*, No. CIV. A. 99-850, 1999 WL 729248, at *1 (E.D. La. Sept. 16, 1999) ("The trial judge has substantial discretion in deciding whether or not to certify questions for interlocutory appeal."); *Swint v. Chambers Cnty. Comm'n*, 514 U.S. 35, 47 (1995) ("Congress thus chose to confer on district courts first line discretion to allow interlocutory appeals.").
[13] *Gulf Coast Facilities Mgmt., LLC v. BG LNG Servs., LLC*, 730 F. Supp. 2d 552, 565 (E.D. La. 2010) (quoting *Clark–Dietz & Associates–Engineers, Inc. v. Basic Constr. Co.*, 702 F.2d 67, 67–69 (5th Cir. 1983)).
[14] R. Doc. 143-1 at 3.
[15] *Whitley v. Hanna*, 726 F.3d 631, 637 (5th Cir. 2013), *cert. denied*, 134 S. Ct. 1935, 188 (2014).
[16] *See U.S. ex rel. Willard v. Humana Health Plan of Texas Inc.*, 336 F.3d 375, 379 (5th Cir. 2003); *Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1017–18 (5th Cir. 1996); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).
[17] *Brand Coupon Network, L.L.C. v. Catalina Marketing Corp.*, 748 F.3d 631, 635 (5th Cir. 2014).
[18] SFIC appears to challenge not a controlling question of law but the Court's reading of the factual allegations in the complaint. This does not satisfy the requirements of 28 U.S.C. § 1292(b).

law or judicial opinion, not mere discontent by the appealing party."[19] The Court applied this settled rule of law.

SFIC fails to meet its burden of establishing that there is a substantial ground for difference of opinion regarding "whether only factual allegations contained in a complaint are considered in ruling on a [Rule] 12(b)(6) [m]otion."[20] Accordingly, SFIC has not met its burden under 28 U.S.C. § 1292(b).

## CONCLUSION

**IT IS ORDERED** that SFIC's motion to amend and certify order for interlocutory review is **DENIED**.

**New Orleans, Louisiana, this 21st day of July, 2016.**

                             *Susie Morgan*
                             **SUSIE MORGAN**
                  **UNITED STATES DISTRICT JUDGE**

---

[19] *In re Babcock & Wilcox*, No. 03-01065, 2004 WL 626288, at *2 (E.D. La. Mar. 29, 2004).
[20] R. Doc. 143-1 at 3.